ADAM R. FULTON, ESQ.
Nevada Bar No. 11572
E-mail: afulton@jfnvlaw.com
LOGAN G. WILLSON, ESQ.
Nevada Bar No. 14967
E-mail: logan@jfnvlaw.com
**JENNINGS & FULTON, LTD.**
2580 Sorrel Street
Las Vegas, Nevada 89146
Telephone: (702) 979-3565
Facsimile:  (702) 362-2060
*Attorneys for Plaintiff Jeffrey P. Bennett*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY P. BENNETT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>DOES I-X, inclusive; and ROE<br>CORPORATIONS I-X, inclusive,<br><br>Defendants. | CASE NO.: 2:20−cv−01584-GMN-DJA<br><br><br>**JOINT PRE-TRIAL<br>ORDER** |

Pursuant to LR 16-3(b), Plaintiff, JEFFREY P. BENNETT, by and through his attorneys of record, ADAM R. FULTON, ESQ. and LOGAN G. WILLSON, ESQ. of the law firm of JENNINGS & FULTON, LTD., and Defendant UNITED STATES OF AMERICA, by and through JASON M. FRIERSON, ESQ., United States Attorney, and SKYLER H. PEARSON, Assistant United States Attorney, hereby submit this proposed Joint Pre-Trial Order.

**I.**

### A. Summary of the Action

This is an action arising out of an alleged motor vehicle accident. On December 20, 2018, Plaintiff was traveling southbound on Interstate 15 in his 2014 Winn Forza ("RV").

Federal Aviation Administration ("FAA") employee James Aliitaeao was operating a commercial semi-truck ("Semi-Truck") hauling an empty trailer. Plaintiff contends that the Defendant's Semi-Truck veered into Plaintiff's lane and struck the right side of Plaintiff's RV ("Subject Accident") causing property damage to Plaintiff's RV and injuries to Plaintiff. Plaintiff alleges negligence.

**B. Relief Sought:**

As the parties stipulated and the Court ordered that this case be bifurcated into liability and damages phases, the current relief sought by Plaintiff is a determination as to liability.

**C. Contentions of the Parties**

**1. Plaintiff's Contentions:**

Plaintiff contends that he can meet the burden of proof to demonstrate that Defendant breached the duty of care owed to Plaintiff. Plaintiff further contends that he will also establish that Defendant's breach of the duty of care owed to Plaintiff was the proximate and legal cause of the Subject Accident. Lastly, Plaintiff contends he will be able meet the burden of proof regarding his medical damages, pain and suffering, and property damage that were caused by the Subject Accident.

**2. Defendant's Contentions:**

Defendant contends that Plaintiff cannot establish his burden of proof to show that Defendant breached any duty of care. Defendant further contends that Plaintiff cannot establish his burden of proof to show that any breach of duty by Defendant was the proximate or legal cause of the accident. Defendant further contends that Plaintiff will be unable establish his claimed damages.

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

## II.

## Statement of Jurisdiction

This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), which provides that federal courts "shall have exclusive jurisdiction of civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. § 1391(e)(1), because the United States of America is a named Defendant and the automobile collision that is the subject in this litigation occurred in Clark County, Nevada.

## III.

**The following facts are admitted by the parties and require no proof:**

The parties do not dispute that Plaintiff and FAA employee, James Aliitaeao, were both travelling on southbound on Interstate 15 on or around the time of the Subject Accident.

## IV.

**The following facts, though not admitted, will not be contested at trial by evidence to the contrary:**

None.

## V.

**The following are the issues of fact to be tried and determined at trial.**

1.      Whether Defendant's vehicle, including its trailer, struck Plaintiff's vehicle.

2.      Whether Plaintiff's vehicle struck Defendant's vehicle, including its trailer.

3.      Whether Plaintiff's vehicle left its lane.

4.      Whether Defendant's vehicle, including its trailer, left its lane.

5.      Whether an accident between the two vehicles occurred.

## VI.

**The following are the issues of law to be tried and determined at trial.**[1]

1.      Whether Defendant breach any duty owed to Plaintiff.

2.      Whether Plaintiff can establish that Defendant's breach, if any, caused Plaintiff's damages.

3.       Whether the United States is liable to Plaintiff.

4.      Whether Plaintiff or any other party's negligence contributed to the accident.

## VII.

**(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

1.      SF-95 Form (Bates No.: PLT0015 – PLT0016).

2.      E-mail between Plaintiff and Mr. Galacgac (January 3, 2019), Bates No. US000270 – US000271.

3.      NHP Body CAM footage, Bates No. US000473 – US000474.

/ / /

/ / /

/ / /

---

[1]As the parties have bifurcated the liability portion of trial (ECF 21), the only contested issues of law as it pertains to this Joint Pre-Trial Order relate to liability.

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

**(b) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:**

**Plaintiff:** Plaintiff objects to Accelerated Recovery Services, Inc.'s letter and SF-95 claim, Bates No. US000273 – US000301 as it contains insurance information, is hearsay, cannot be authenticated, violates the best evidence rule and more prejudicial than probative under Fed. R. Evid. 403.

Plaintiff further objects to Brimhall Eye Center, Medical and Billing Records, Bates Nos. US006224 – US006295 as trial is bifurcated as to only liability, and not Plaintiff's medical treatment. Further, neither party has identified any witness who can attest to the medical records, as they were prepared by Plaintiff's medical providers. Moreover, Mr. Bennett's medical records are hearsay as there will be no testimony provided by any designated representative of Brimhall Eye. Moreover, any probative value Mr. Bennett's Brimhall Eye medical and billing records is substantially outweighed by the danger of unfair prejudice to Mr. Bennett regarding the condition of his eyes.

Plaintiff further objects to CSAA Insurance Records, Bates Nos. US001314-US002559 as it contains insurance information, is hearsay, cannot be authenticated, violates the best evidence rule and more prejudicial than probative under Fed. R. Evid. 403.

Plaintiff reserves the right to use any document including but not limited to discovery responses and/or deposition testimony by Defendant for impeachment and/or substantively as party admissions, as may be relevant at trial. Plaintiff reserves the right to use demonstrative evidence. Plaintiff also reserves the right to use any exhibit listed or introduced by Defendant or as previously produced by the parties.

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

**Defendant:** Defendant objects to the "Nevada Highway Patrol – Traffic Crash Report (Bates No.: PLT0017 – PLT0022)" as it is hearsay and more prejudicial than probative under Fed. R. Evid. 403. Defendant objects to the "Nevada Highway Patrol – Call Detail Report (Bates No.: PLT0023 – PLT0029)" as it is hearsay, cannot be authenticated, violates the best evidence rule and more prejudicial than probative under Fed. R. Evid. 403.

Defendant objects to the "Nevada Highway Patrol – 911 Audio Call (PLT No.: PLT0030)" as it is hearsay, cannot be properly authenticated, and is more prejudicial than probative under Fed. R. Evid. 403.

Defendant objects to the "Property Damage Bills (Bates No.: PLT0247–PLT0256)" as this case has been bifurcated and the current trial is confined to liability not damages.

Defendant objects to the "Color Photographs of Jeffery Bennett's Property Damage (Bates No.: PLT0257–PLT0264)" as the photographs cannot be properly authenticated, are more prejudicial than probative under Fed. R. Evid. 403, and this case has been bifurcated and the current trial is confined to liability not damages.

Defendant objects to the "Color Photographs of Jeffery Bennett's injuries (Bates No.: PLT0265–PLT0268)" as the photographs cannot be properly authenticated, are more prejudicial than probative under Fed. R. Evid. 403, and this case has been bifurcated and the current trial is confined to liability not damages.

Defendant reserves the right to use any document including but not limited to discovery responses and/or deposition testimony by Plaintiff for impeachment and/or substantively as party admissions, as may be relevant at trial. Defendant reserves the right to use demonstrative evidence. Defendant also reserves the right to use any exhibit listed or introduced by Plaintiff or as previously produced by the parties.

**(c) A statement by each party of whether they intend to present evidence in electronic format to jurors for purposes of jury deliberations[2]:**

As this matter is set for a bench trial, the parties may use power point images/drawings/diagrams/animations/story boards depicting the facts and circumstances of the Subject Accident, information relevant to communications between the parties, and/or deposition testimony.

**(d) Depositions:**

Plaintiff: None at this time, except for impeachment purposes. Plaintiff reserves the right to utilize any depositions intended to be offered at trial by Defendant.

Defendant: None at this time, except for impeachment purposes. Defendant reserves the right to utilize any depositions intended to be offered at trial by Plaintiff.

**(e) Objections to depositions:**

Plaintiff: None at this time.

Defendant: None at this time.

## VIII.

The following witnesses may be called by the parties at trial:

Plaintiff:

1.     Jeffrey P. Bennett, Plaintiff
c/o Adam R. Fulton, Esq.
Logan G. Willson, Esq.
JENNINGS & FULTON, LTD.
2580 Sorrel Street
Las Vegas, NV 89146

2.     FRCP 30(b)(6) Designee(s) of
United States of America, Defendant
c/o Skyler H. Pearson, Esq.

---

[2]Pursuant to the October 6, 2022 Minute Order issued by the Court, the parties submit the following in complaince with LR 16-3(b)(9).

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

Assistant United States Attorney
U.S. Attorney's Office
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, NV 89101

3.  James Aliitaeao, Witness
    c/o Skyler H. Pearson, Esq.
    Assistant United States Attorney
    U.S. Attorney's Office
    501 Las Vegas Blvd. So., Suite 1100
    Las Vegas, NV 89101

4.  Nan Rogers Eisley-Bennett, Witness
    7312 Puckershire Street
    Las Vegas, NV 89166

5.  Giovanni Galacgac
    c/o Skyler H. Pearson, Esq.
    Assistant United States Attorney
    U.S. Attorney's Office
    501 Las Vegas Blvd. So., Suite 1100
    Las Vegas, NV 89101
    Telephone No.: (702) 388-6336

6.  Officer S. Eckert, Badge #H4171
    Nevada Highway Patrol
    4615 W. Sunset Road
    Las Vegas, NV 89118

Plaintiff reserves the right to call any witness produced and/or identified by Defendant.

Defendant objects to the designation of a Fed. R. Civ. P. 30(b)(6) witness as that rule applies to deposition testimony and not testimony related to trial. Furthermore, Plaintiff fails to list specific topics to be covered by any 30(b)(6) witness. Defendant reserves all rights of objections to testimonies at trial including but not limited to any expert opinions that were not timely disclosed in discovery, lack foundation, and/or are not relevant and reliable. *See, e.g.*, Fed. R. Civ. P. 26(a)(2), 37(c)(1), *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and its progeny. Defendant, USA, also objects to testimony by any witness that was not disclosed during the discovery period.

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

**Defendant's Witnesses**:

1.  Jeffrey P. Bennett, Plaintiff
    c/o Adam R. Fulton, Esq.
    Logan G. Willson, Esq.
    JENNINGS & FULTON, LTD.
    2580 Sorrel Street
    Las Vegas, NV 89146

2.  James Aliitaeao, Witness
    c/o Skyler H. Pearson, Esq.
    Assistant United States Attorney
    U.S. Attorney's Office
    501 Las Vegas Blvd. So., Suite 1100
    Las Vegas, NV 89101

3.  Nan Rogers Eisley-Bennett, Witness
    7312 Puckershire Street
    Las Vegas, NV 89166

4.  Officer S. Eckert, Badge #H4171
    Nevada Highway Patrol
    4615 W. Sunset Road
    Las Vegas, NV 89118

Defendant reserves the right to call any witnesses identified in Plaintiff's witness list and named during the course of discovery. Defendant reserves the right to call rebuttal and/or impeachment witnesses at trial.

Plaintiff reserves all rights of objections to testimonies at trial including but not limited to any expert opinions that were not timely disclosed in discovery, lack foundation, and/or are not relevant and reliable. *See, e.g.*, Fed. R. Civ. P. 26(a)(2), 37(c)(1), *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and its progeny. Plaintiff also reserves the right to object to testimony by any witness that was not disclosed during the discovery period.

**IX.**

The attorneys or parties have met and jointly offer these three trial dates:

March 13, 2023 – March 17, 2023;

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

-9-

1    March 20, 2023 – March 24, 2023; and

2    May 1, 2023 – May 5, 2023.

3                                    **X.**

4    It is estimated that the trial will take a total of 2-3 days.

5

6    DATED: November 7th, 2022            DATED: November 7th, 2022

7    **JENNINGS & FULTON, LTD.**          **UNITED STATES ATTORNEY**

8

9    __/s/ Logan G. Willson, Esq.__       __/s/ Skyler H. Pearson, Esq.__

10   ADAM R. FULTON, ESQ.                 JASON M. FRIERSON, ESQ.
     Nevada Bar No. 11572                 Nevada Bar No. 7709

11   E-mail: afulton@jfnvlaw.com          SKYLER H. PEARSON, ESQ.
     LOGAN G. WILLSON, ESQ.               ASSISTANT UNITED STATES

12   Nevada Bar No. 14967                 ATTORNEY
     E-mail: logan@jfnvlaw.com            501 Las Vegas Blvd. So., Ste. 1100

13   2580 Sorrel Street                   Email: Skyler.pearson@usdoj.gov
     Las Vegas, Nevada 89146              *Attorneys for the United States*

14   *Attorneys for Plaintiff*

15                                   **XI.**

16                       **ACTION BY THE COURT**
                                   jury
17   This    case   is   set   for   ~~bench~~   trial   on   the   ~~fixed/~~stacked   calendar   on

18   __May 8, 2023, at 8:30 a.m. in 7D__.

19   Calendar Call will be held on __May 2, 2023, at 9:00 a.m. in 7D__.

20

21   **IT IS SO ORDERED.**

22                              December
     Dated this __5__ day of ~~November~~, 2022

23

24

25   _____

26   Gloria M. Navarro, District Judge
     UNITED STATES DISTRICT COURT

27

28

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060